

**Department of Homeland Security**
**U. S. Citizenship and Immigration Services**

---

ADJUSTMENT OF STATUS UNIT (SECTION 245) • 26 FEDERAL PLAZA • NEW YORK • NEW YORK • 10278

June 23, 2006

Ahmed Mostafa
6925 4th Avenue, Apt. C4
Brooklyn, NY 11209
Alien Number: 073 587 804

# DECISION

Dear Mr. Mostafa:

You filed an Application to Register Permanent Residence or Adjust Status (Form I-485) with the United States Citizenship and Immigration Services on September 4, 1997.

Section 245 of the Immigration and Nationality Act ("the Act") provides, in part, that:

> (a) The status of an alien who was inspected and admitted or paroled into the United States may be adjusted by *the Attorney General, in his discretion and under such regulations as he may prescribe*, to that of an alien lawfully admitted for permanent residence if
>> (1) the alien makes an application for such adjustment,
>> (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and
>> (3) an immigrant visa is immediately available to him at the time his application is filed. (emphasis added)

Section 201 of the Act enumerates those aliens eligible to be issued immigrant visas or who may otherwise acquire the status of an alien lawfully admitted to the United States for permanent residence. You filed your I-485 as the beneficiary of an Immigrant Petition for Alien Worker (Form I-140) filed by PT Consultants, Inc.

You appeared for an examination of your application on the following dates: August 11, 2003, March 2, 2004, and January 17, 2006. (You appeared at 26 Federal Plaza on May 8, 2006 for your spouse's adjustment interview.) The adjudicative process involves an in-person interview and reviews of both documentary evidence submitted to support an application and an applicant's immigration history.


GOVERNMENT EXHIBIT A

1

The Service issued a denial of your adjustment application twice (November 19, 2001 and April 8, 2002). You filed two Notices of Appeal to the Administrative Appeals Unit (Forms I-290B). The Service accepts this form in lieu of a Motion to Reopen or Motion to Reconsider, the proper course to seek a redress of an adjustment application denial. Also, considering that the Service re-issued a denial decision in April 2002, it considers your initial appeal resolved. The Service had not commented on your second I-290B.

In its April 8, 2002 decision, the Service concluded that you had failed to file a Foreign Credentialing Commission on Physical Therapy (FCCPT) certificate. That certificate, in fact, was in your file. Therefore, the Service vacates its April 8, 2002 decision. However, there are additional elements to analyze.

You filed a writ of mandamus on March 7, 2005. In response, the Service's New York district office issued to you an interview appointment notice for May 26, 2006. Additionally, the Service included a customized letter explaining that "...updated *testimony* and information is necessary." (Emphasis added.) The Service faxed the information to your Virginia-based attorney, Ashraf Nubani.

On May 23, 2006, Mr. Nubani spoke to District Adjudications Officer Chris Munster for 23 minutes about your situation. (Your attorney referenced that conversation in his May 24, 2006 cover sheet that accompanied documents requested for the May 26, 2006 interview that he sent via FedEx to Officer Munster's attention.) Although your attorney was unable to appear with you on May 26, 2006, he also made it clear that he felt that another in-person interview was unnecessary.

During that conversation, the Service explained to your attorney why an in-person interview was necessary. Residing in your file is a Federal Bureau of Investigation (FBI) summation of two interviews that bureau agents held with you in 2000. The Service stated that all information in your file, including "any contacts that [you] had with law enforcement agencies," would be discussed on May 26, 2006. The Service did not mask its intent, and your attorney responded by referencing those interviews without hesitation. The report residing in your file is dated March 3, 2005. Since there is no record in the file that this Bureau document was discussed during your January 2006 interview – and given the Service's conclusion that the only pending matter was the resolution of a security check commonly referred to as a "Name Check," it is logical to surmise that this report was not present on that day either – an in-person interview was necessary.

In his May 24, 2006 cover letter, Mr. Nubani wrote, "Since the case is in litigation we prefer to answer questions in writing." A writ of mandamus does not insulate you from appearing before the Service to answer questions regarding your application. That writ is a legal request to compel the Service either to issue a decision – favorable or unfavorable to you – or to take steps leading towards adjudication. While the Service understands your frustration at making multiple appearances without receiving a decision, the Service made it clear that this examination of your application, principally, involved a matter of utmost importance. You neglected to appear. On that basis, the Service could justify a decision to deny your application.

Title 8 Code of Federal Regulations 103.2(b)(13) states, in part:

> Except as provided in § 335.6 of this chapter, if an individual requested to appear for fingerprinting or for an interview does not appear, the Service does not receive his or her request for a rescheduling by the date of the fingerprinting appointment or interview, of the applicant or petitioner has not withdrawn the application or petition, the application or petition shall be considered abandoned and, accordingly, shall be denied.

However, the content of the FBI summation deserves attention.

While the FBI's report stipulated that you "[had] not been the subject of an investigation by the FBI," sources identified you as someone who knew and had conversations with the subject of an investigation. The bureau's report continued: "Sources reported during these contacts, [you] requested [the subject] to obtain fraudulent documents for him, specifically, a Medicaid card and a birth certificate."

The following information also appears in the summation:

> Mostafa claimed he did request a fraudulent document from [the subject] on one occasion, but it was a joke. He had requested documentation for his daughter, Arwa, not further identified, but was not being serious.

The Service is not amused. Also, it doubts that you made such an inquiry flippantly. Absent testimony – which would have been elicited on May 26, 2006 – the Service concludes that you did seek to obtain fraudulent documents for your daughter, whom from the appearance of her Taxpayer Identification Number on your 2004 and 2005 U.S. Individual Income Tax Returns (Internal Revenue Service Forms 1040), was not born in the United States. Its logical to infer that you attempted to obtain – and undoubtedly would have used to obtain government benefits like Medicaid – a birth certificate that would have made your daughter appear to be an American citizen.

The benefit sought under section 245 of the Act is a matter of administrative discretion, and eligibility for such relief does not automatically result in a grant of adjustment of status. If adverse factors are present in a case, adjustment will be granted only if a showing of unusual or even outstanding equities offsets those factors. Matter of Arai, 13 I&N Dec. 494 (BIA 1970).

In Matter of Tanahan, 18 I&N Dec. 339 (Reg. Comm. 1981), it was held that adjustment of status under section 245 of the Act was not designed to supersede the regular consular visa-issuing process or to be granted in nonmeritorious cases. The determination to grant lies entirely within the discretion of the Attorney General. An applicant who meets the

3

objective prerequisites for adjustment of status is in no way entitled to that relief. Jarecha v. INS, 417 F. 2d. 220 (5 Cir. 1969).

Under the Penal Law of the State of New York, you could have been charged with and convicted of numerous crimes, including: Welfare fraud, Criminal use of a public benefit card, Criminal possession of a public benefit card, Criminal possession of a forged instrument, Scheme to defraud, and Defrauding the government.

Document fraud is a burgeoning illegal activity that harms individuals and institutions. Such fraud can produce a drain on the government agencies entrusted with delivering taxpayer-funded aid to those who are truly in need of financial assistance. The Service needn't produce a thesis on the depravity of such activity. Also, it should not ignore such attempted illegal activity merely because an applicant either was not detected by law enforcement agencies or was merely "joking."

Although your attempt to obtain documents on your child's behalf does not fall within the purview of Section 212 of the Act, the Service is within its right to apply the discretion afforded the Attorney General when scrutinizing an adjustment application. INA 245(a).

The adverse information contained within the Federal Bureau of Investigation report compels the Service to utilize this discretion when weighing the merits of your application. The Service rightfully takes a stringent view towards those who attempt to obtain fraudulent documents.

Absent any other indication that you are entitled to a status outlined in Section 201(a) or 201(b) of the Act, you are ineligible for the benefits of Section 245 of the Act. Therefore, your application is denied.

Any employment authorization you have gained through this application is terminated.

The Service's Notice to Appear before the Immigration Judge is attached.

Sincerely,

*[signature]*

Mary Ann Gantner
District Director
United States Citizenship
and Immigration Services
New York
First-Class Mail
CTM

cc: Nubani Law Firm, P.C.

Department of Homeland Security
United States Citizenship and Immigration Services
26 Federal Plaza
New York, New York 10278

Official Business
Penalty for Private Use, $300

AHMED MOSTAFA
6925 4TH AVENUE
APT. C4
BROOKLYN, NY 11209

42

United States Department of Homeland Security
United States Citizenship and Immigration Services

**Notice to Appear**

**In removal proceedings under section 240 of the Immigration and Nationality Act**

File No: A 73 587 804

In the Matter of:

Respondent: **MOSTAFA, AHMED**      Currently residing at:

**6925 4ᵀᴴ AVENUE, APT. C4, BROOKLYN, NY 11209**
(Number, street, city, state and ZIP code)     (Area code and phone number)

☒ 1. You are an arriving alien.
☐ 2. You are an alien present in the United States who has not been admitted or paroled.
☐ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:
1. You are not a citizen or national of the United States of America;
2. You are a native of Egypt and a citizen of Egypt;
3. You were paroled into the United States on February 29, 2004 pursuant to section 212(d)(5) of the Act, as an applicant for adjustment of status with authorization to enter the country to resume the processing of your Application to Register Permanent Residence or Adjust Status (Form I-485). You are present in the United States as a result of that parole.
4. On June 23, 2006, your adjustment application was denied.
5. You are an intending immigrant to the United States. Your intent to immigrate to the United States is demonstrated by your submission of Form I-485 to the United States Immigration and Naturalization Service (since renamed the United States Citizenship and Immigration Services) on September 4, 1997.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provisions of law:

Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (Act), as amended, in that as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under Section 211(a) of the Act.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8 CFR 208.30(f)(2)   ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Homeland Security at:

**26 Federal Plaza, New York, New York 10278 Room 12-1237**
(Complete Address of Immigration Court, Including Room Number, if any)

on JULY 13, 2006 at NYC to show why you should not be removed from the United States based on the
(Date)    (Time)
Charges(s) set forth above.    9:00 A.M.

/s/ Stephen Rosina
Stephen Rosina
Supervisory District Adjudications Officer
(Signature and Title of Issuing Officer)

Date: JUNE 23, 2006      New York, New York
(City and State)

See reverse for important information

Form I-862 (Rev. 4-1-97)

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations that may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the USCIS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

_____
(Signature of Respondent)

Before: _____             Date: _____
(Signature and Title of INS Officer)

### Certificate of Service

This Notice to Appear was served on the respondent by me on _____ (Date), in the following manner and in Compliance with section 239(a)(1)(F) of the Act:

☐ in person         ☐ by certified mail, return receipt requested         ☒ by regular mail

☒ Attached is a list of organizations and attorneys that provide free legal services.

☐ The alien was provided oral notice in the _____ language of the time and place of his or her Hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____           Chris Munster, District Adjudications Officer
(Signature of Respondent if Personally Served)        (Signature and title of Officer)

Form I-862 (Rev. 4-1-97)

U.S. Department of Homeland Security

United States Citizenship & Immigration Service

**Additional Charges of Inadmissibility/Deportability**

In:  ☒ Removal proceedings under section 240 of the Immigration and Nationality Act

☐ Deportation proceedings commenced prior to April 1, 1997 under former section 242 of the Immigration and Nationality Act

In the Matter of:

Alien/Respondent: _____

File No: _____  Address: _____

There is/are hereby lodged against you the additional charges(s) that you are subject to being taken into custody and deported or removed from the United States pursuant to the following provision(s) of law:




In support of the additional charge(s) there is submitted the following factual allegation(s) ☐ in addition to ☐ in lieu of those set forth in the original charging document:




Dated: _____                                    _____
                                                                              (Signature of Service Counsel)

Form I-261 (Rev. 4-1-97)N

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations that may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the USCIS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the BCIS.

## Certificate of Service

This charging document was served on the respondent by me on _____, in the following manner and in
                                                                  (Date)
compliance with section 239(a)(1)(F) of the Act:

☐ in person        ☐ by certified mail, return receipt requested        ☒ by regular mail

to:   6925 4ᵀᴴ AVENUE, APT. C4, BROOKLYN, NY 11209
                                (Alien's address)

☐ The alien was provided oral notice in the _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

Chris Munster, District Adjudications Officer

_____          _____
(Signature of Respondent if Personally Served)         (Signature and title of Officer)

Form I-261 (Rev. 4-1-97)N